# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **SCOTT HARTSOCK,** : | |
| **Plaintiff,** : | |
| v. : | CIVIL NO. 07-3200 |
| : | |
| **WAL-MART STORES EAST, INC., et al.,** : | |
| **Defendants.** : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                      November 23, 2009

       This is a product liability action in which Plaintiff claims he was injured by Defendants' allegedly defective ride-on tractor. Jurisdiction is predicated on diversity[1] and is not disputed by the parties. Presently before the Court is Defendants' Motion for Partial Summary Judgment,[2] seeking a determination that Plaintiff failed to adequately plead his "failure to warn" claim. Upon consideration of Plaintiff's Complaint,[3] Defendants' Answer,[4] and the pleadings and responses related to the instant Motion,[5] Defendants' Motion for Partial Summary Judgment is **GRANTED**. The Court finds that Plaintiff did not submit sufficient evidence to establish a reasonable inference that defective warnings proximately caused his injury.

---

[1] See 28 U.S.C. § 1332.

[2] Doc. No. 16.

[3] Doc. No. 1.

[4] Doc. No. 5.

[5] Doc. Nos. 17, 18, 19.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this action based on a incident that occurred on or about July 28, 2005 while he was mowing his lawn.[6] Plaintiff, using a ride-on lawnmower ("the product"), was driving on a level surface and attempting to turn when the mower lurched forward onto a slope, causing him to jump off.[7] The mower continued to function as it began rolling down the slope, striking Plaintiff in the leg.[8] The mower blades, still spinning, made contact with Plaintiff's hand, causing serious injury.[9] The blades continued spinning even when the mower stopped rolling.[10] Plaintiff suffered the amputation of his third, fourth, and fifth fingers of the left hand, laceration of his forearm, and deformity and loss of use of his left hand.[11]

In the pleadings to date, the central factual dispute is whether the "operator presence switch," located in the mower's seat, was functioning properly at the time of the accident. If the switch is functioning properly, when the mower's user gets out of the seat, the blades stop rotating to prevent injury. Plaintiff charges that the product was defective, as the switch malfunctioned, causing the blades to continue spinning after he jumped off. Defendants maintain that as the product rolled down the slope, the seat was depressed by the weight of the mower, keeping the blades engaged; the switch worked properly in allowing the blades to work while pressure was on the seat.

---

[6]Compl. ¶ 9.

[7]Id. ¶ 10.

[8]Id. ¶¶ 11, 12.

[9]Id. ¶ 12.

[10]Id. ¶ 13.

[11]Id. ¶ 21.

Plaintiff alleges that he purchased the ride-on lawnmower at issue from the previous owner of his residence sometime in 1996 or 1997.[12] The product was manufactured by Murray Ohio Manufacturing Company and sold by Wal-Mart;[13] Plaintiff chooses to file suit against Wal-Mart ("Defendants") in this case. Plaintiff filed a products liability action against Defendants in the Court of Common Pleas of Philadelphia County on July 10, 2007, and then removed, filing his Complaint with this Court on August 6, 2007. The Complaint charges that the product had design and manufacturing defects, and that Defendants failed to adequately warn users of the dangers associated with the product.[14]

Defendants filed the instant Motion on March 19, 2009, contending that they are entitled to summary judgment on the "failure to warn" claim because Plaintiff never testified that he recalled reading or relying on an owner's manual for the product, nor did he state that he would have asked for the manual at the time of purchase. Specifically, Defendants call attention to the report of Plaintiff's engineering expert witness, Richard A. Colberg, M. E., regarding the adequacy of the warnings in the owner's manual. Plaintiff's response conceded that a claim based on the warnings or lack thereof in the owner's manual could not succeed, and asserted a willingness to stipulate to that effect, but maintained that evidence on warnings "outside of the handbook itself" should not be precluded.[15] In support, he presented a supplemental report by Mr. Colberg, in which Mr. Colberg clarifies that he intended to state that Plaintiff was deprived of warning material not

---

[12] Pl's Dep. Tr. (Doc. No. 16-4 Ex. B) 22:15-25, 23:1-3.

[13] Compl. ¶ 7.

[14] Id. ¶ 19, 20.

[15] Pl.'s Resp. to Def.'s Mot. for Partial Summ. J. 8.

-3-

only in the manual, but on the mower itself and on any other printed matter accompanying it.[16] Defendants filed a reply, reiterating their argument that the entire failure to warn claim should be dismissed, again alleging that Plaintiff did not show the causal link between the lack of warnings and his injury.

## II. STANDARD FOR SUMMARY JUDGMENT

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. A moving party may be granted summary judgment with respect to any claim if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[17] A court may consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in making its determination.[18] An issue is "genuine" if a reasonable trier of fact could find for the nonmoving party in light of the evidence,[19] and a court must consider the evidence in a light most favorable to the nonmoving party.[20]

The burden is initially on the moving party to show an absence of evidence to support a claim raised by the nonmoving party.[21] Then, the burden shifts to the nonmoving party to rebut the motion with the elements essential to maintain its case.[22] There must be enough evidence for a

---

[16] Pl.'s Supplemental Resp. to Def's Mot. for Partial Summ. J. Ex. A.

[17] FED. R. CIV. P. 56(c).

[18] Id.

[19] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

[20] See Pollock v. American Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

[21] Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).

[22] Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

reasonable juror to decide for the nonmoving party; a mere scintilla of evidence is not enough.[23] If the nonmoving party fails to meet its burden, summary judgment is appropriate.

### III. DISCUSSION

When jurisdiction is predicated on diversity, a court must follow the substantive law of the state in which the action was brought.[24] Under Pennsylvania law, a defendant is liable for failure to warn where the lack of warning 1) renders the product unreasonably dangerous and 2) is the cause in fact and the proximate cause of the accident.[25] If a product does not have adequate warnings, notifying users of inherent dangers associated with its use, then the product can be considered "defective" for strict liability purposes.[26] Liability arises because sellers and manufacturers have a nondelegable duty to provide warnings "in a form that will reach the ultimate consumer and inform of the risks and inherent limits of the product."[27] The adequacy of a warning, or a product's defectiveness due to inadequate warnings, is a question of law that may be resolved on summary judgment.[28]

Defendants in this matter seek summary judgment on the failure to warn claim, asserting that Plaintiff has offered no evidence to show that the lack or inadequacy of a warning was the cause in fact or the proximate cause of his injuries. For failure to warn claims, "causation

---

[23] Anderson, 477 U.S. at 252.

[24] See Chin v. Chrysler LLC, 538 F.3d 272, 278 (3d Cir. 2008).

[25] Cappelli v. Haverford Twp., 2000 U.S. Dist. LEXIS 13478, at *9 (D. Pa. Sep. 18, 2000) (citing Davis v. Berwind Corporation, 547 Pa. 260, 690 A.2d 186 (Pa. 1997); Phillips v. A-Best Products Co., 542 Pa. 124, 665 A.2d 1167 (Pa. 1995)).

[26] Mackowick v. Westinghouse Electric Corporation, 525 Pa. 52, 575 A.2d 100, 102 (Pa. 1990).

[27] Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893, 903 (Pa. 1975).

[28] Phillips v. A-Best Prods. Co., 542 Pa. 124, 131-32 (Pa. 1995).

analysis focuses on the additional precautions that might have been taken by the end user had an adequate warning been given."[29] Plaintiff "must demonstrate that the user of the product would have avoided the risk had he or she been warned of it by the seller" in order to assert a failure to warn claim.[30] There must be "evidence . . . to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident before the issue of causation may be submitted."[31]

As a preliminary matter, it is clear from the parties' submissions that they agree Plaintiff cannot succeed on a failure to warn claim based on the owner's manual, because there is no issue of fact. Plaintiff admits that he does not remember receiving a manual, nor would he have requested or read one, so the contents therein cannot have caused Plaintiff's injuries. Therefore, as the adequacy of warnings in the manual is not at issue, the remaining question is whether the lack of any other type of warning could be the cause of Plaintiff's injuries. Specifically, Mr. Colberg refers to point-of-sale materials and the product itself as other locations in which warnings may have been placed.[32]

Defendants are correct that there is a lack of evidence in the record before this Court to support a failure to warn claim. Plaintiff has not commented in his pleadings or deposition, or in response to the present Motion before the Court, as to how inadequate warnings caused his injuries. He makes no statement indicating that he would have acted differently if there had been further

---

[29] Chicano v. GE, 2004 U.S. Dist. LEXIS 20330, at *32 (E.D. Pa. 2004) (citing Pavlik v. Lane Ltd./Tobacco Exporters Int'l, 135 F.3d 876, 882 (3d Cir. 1998)).

[30] Phillips, 542 Pa. at 131-32.

[31] Conti v. Ford Motor Co., 743 F.2d 195, 198 (3d Cir. 1984).

[32] Pl.'s Supplemental Resp. to Def's Mot. for Partial Summ. J. Ex. A.

warnings either in the manual, in other printed or point-of-sale materials accompanying the product, or on the product itself. He does not claim that he would have changed his behavior on the day of the incident if additional or different warnings were posted, but simply notes in the Complaint that Defendants did not provide appropriate warnings.[33] While Mr. Colberg contends that adequate warnings on the product or in printed materials accompanying the product would have had an effect, he also does not explain precisely how Plaintiff would have acted differently to prevent or mitigate injury based on the warnings.

        Moreover, the facts of the case as recited by Plaintiff in the Complaint and responsive pleadings to the instant Motion do not support a reasonable inference that additional or different warnings would have affected the injuries suffered. Plaintiff states in his Complaint that while he was riding on the mower on a level surface, the product "jolted forward toward a slope."[34] Thus, Plaintiff did not intend to ride onto the slope while turning, so it is unclear how a warning would have eliminated the cause of the incident. More information about the danger of rollovers, or how the operator presence switch would operate in the case of a rollover, would not have had an effect as Plaintiff did not intend to ride onto a slope; in fact, he avoided the slope in his yard as a rule.[35] The Court fails to discern how more or modified information provided by Defendants would have prevented Plaintiff from acting in the same manner on the day of the injury.

        State and federal courts following Pennsylvania law support judgment for defendants in similar circumstances in which the plaintiff has failed to establish that the injury was due to the

---

[33]Compl. ¶ 20d, f.

[34]Compl. ¶ 10.

[35]Pl's Supplemental Engineer's Report 1, February 19, 2009.

lack or insufficiency of warnings.[36] In Conti v. Ford Motor Co., a Third Circuit case, the plaintiff had been injured while attempting to enter a vehicle, while her husband (also a plaintiff) was starting the car.[37] The husband and wife sued defendant, the manufacturer of the vehicle, and succeeded in the lower court on their failure to warn claim. The court in Conti reversed the lower court's decision based on the plaintiffs' failure to present evidence that an additional warning would have helped. The court found that plaintiffs had not provided any support for the contention that "prominently displayed" warnings in the interior of the car or any additional written materials accompanying the car would have caused plaintiff husband to pay more attention to what he was doing.[38] The facts are similar here, to the extent that Plaintiff does not show the causal links that would convince a reasonable juror of the inadequacy of Defendants' warnings.

This Court finds that the Plaintiff has not provided the requisite evidence to support a reasonable inference that Defendants' failure to warn caused his injuries, and thus Defendants are entitled to partial summary judgment. An appropriate Order follows.

---

[36] See Conti v. Ford Motor Co., 743 F.2d 195 (3d Cir. 1984); Monahan v. The Toro Co., 856 F. Supp. 955 (E.D. Pa. 1994); Staymates v. ITT Holub Indus. Div. of Int'l Tel. & Tel. Corp., 364 Pa. Super. 37 (Pa. Super. Ct. 1987).

[37] Conti, 743 F.2d 195.

[38] Id. at 198.